Order Filed on December 22, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>Marianna Udem<br>Brigette McGrath<br>Kara E. Casteel (admitted *pro hac vice*)<br>**ASK LLP**<br>60 East 42nd Street, 46th Floor<br>New York, NY 10165<br>Telephone: (212) 267-7342<br>Facsimile: (212) 918-3427<br>mudem@askllp.com<br>bmcgrath@askllp.com<br>kcasteel@askllp.com<br><br>*Counsel to Thomas A. Pitta, as Trustee of the RAD Sub-Trust A* | |
| In re:<br><br>RITE AID CORPORATION, *et al.*,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 23-18993 (MBK)<br><br>(Jointly Administered) |
| Thomas A. Pitta, as Trustee of the RAD Sub-Trust A,<br><br>            Plaintiff,<br><br>v.<br><br>Defendants Listed on Exhibit "2,"<br><br>            Defendants. | |

## ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS WITH TOTAL IN CONTROVERSY GREATER THAN $500,000.00 BROUGHT BY PLAINTIFF PURSUANT TO SECTIONS 502, 547, 548, 549 AND 550 OF THE BANKRUPTCY CODE

---

1 The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these chapter 11 cases (the "Chapter 11 Cases") and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

**DATED: December 22, 2025**

*Honorable Michael B. Kaplan*
*United States Bankruptcy Judge*

Upon the *Motion for Orders Establishing Streamlined Governing Adversary Proceedings Brought by Plaintiffs Pursuant to Sections 502, 547, 548, and 550 of the Bankruptcy Code*, (the "Procedures Motion")[2] filed by Thomas A. Pitta, as Trustee (the "Plaintiff" or "Trustee") of the RAD Sub-Trust A (the "Trust"), by and through his undersigned counsel, for entry of a procedures order (the "Procedures Order") pursuant to sections 102(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 7016-1 and 9019-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), establishing streamlined procedures governing all adversary proceedings with total amount in controversy greater than $500,000.00 brought by Plaintiff under sections 502, 547, 548, and 550 of the Bankruptcy Code, which are identified in **Exhibit 2** annexed hereto (each an "Avoidance Action," collectively, the "Avoidance Actions"); and this Court having jurisdiction to consider and determine the Procedures Motion as a core proceeding in accordance with 28 U.S.C. §§ 157, 1331 and 1334; and any objections raised and heard at a hearing at which all parties were permitted to present their arguments and contentions; and it appearing that the relief requested by the Procedures Motion is necessary and in the best interests of the parties; and due notice of the Procedures Motion having been provided; and it appearing that no other or further notice of the Procedures Motion need be provided; and sufficient cause appearing therefor, it is hereby:

---

[2] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them as in the Procedures Motion.

2

ORDERED, that the Procedures Motion be, and hereby is, granted in all respects; and it is further

ORDERED, the relief set forth on the following pages, numbered three (3) through ten (10) is GRANTED.

A. **Effectiveness of the Procedures Order**

1.  This Procedures Order approving the Procedures Motion shall apply to all Defendants in the Avoidance Actions listed in Exhibit 2.

2.  This Order will not alter, affect, or modify the rights of Defendants to seek a jury trial or withdraw the reference, or otherwise move for a determination regarding whether the Court has authority to enter a final judgment, or make a report and recommendation, in an adversary proceeding under 28 U.S.C. § 157, and all such rights of the Defendants shall be preserved unless otherwise agreed to in a responsive pleading.* **MBK**

B. **Extensions to Answer or File Other Responsive Pleading to the Complaint**

3.  The time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action shall be extended by 60 days such that an answer or other responsive pleading is due within 90 days after the issuance of the summons rather than 30 days after the issuance of the summons. By agreement of Plaintiff and a Defendant, the parties may agree to one (1) additional extension of time to respond, up to an additional 45 days, without the need to file a formal stipulation with the Court

C. **Waiver of Requirement to Conduct Pretrial Conference**

4.  Federal Rule of Civil Procedure 16, made applicable herein pursuant to Bankruptcy Rule 7016 and Local Rules 7004-2 and 7016-1 (i.e., pretrial conferences), is hereby waived and not applicable with respect to the Avoidance Actions. Neither the Plaintiffs nor any Defendant shall be required to appear at the initial pretrial conference, including any pretrial conference originally scheduled for December 22, 2025, or any subsequently scheduled pretrial conferences.

D. **Waiver of Requirement to Conduct Scheduling Conference**

5.  Federal Rule of Civil Procedure 26(f), made applicable herein pursuant to Bankruptcy Rule 7026 and Local Rule 7016-1 (conferring before pretrial conference/discovery plan), is hereby waived and is not applicable to the Avoidance Actions. Thus, the parties to the Avoidance Actions shall not be required to submit a written report as may otherwise be required under Federal Rule of Civil Procedure 26(f) or a Joint Order Scheduling Pretrial Proceedings and Trial as required under Local Rule 7016-1.

    *Notwithstanding anything in the Procedures Orders, the Procedures **MBK** Motion, or any statements, filings, arguments, or positions of Plaintiff in support thereof, nothing herein or any Procedures Orders shall affect any substantive rights, claims, defenses, or other arguments of Defendants in the Avoidance Actions.

**E.**     **Discovery, Mediation, and Dispositive Motion Schedule**

6.     The disclosures required under Federal Rule of Civil Procedure 26(a)(1), as incorporated by Bankruptcy Rule 7026 (the "Initial Disclosures") shall be served upon the adverse party no later than March 1, 2026.

7.     Except as set forth herein, all written interrogatories, document requests and requests for admission, if any, may be served upon the adverse party any time after the service of Initial Disclosures or in conjunction with the service of the Initial Disclosures. All written interrogatories, document requests and requests for admission, if any, must be served upon the adverse party no later than March 1, 2026.

8.     The standard provisions of Federal Rule of Civil Procedure 33, made applicable herein pursuant to Bankruptcy Rule 7033, shall apply to the Avoidance Actions, except that responses to interrogatories are due **60** days after service.

9.     The standard provisions of Federal Rule of Civil Procedure 34, made applicable herein pursuant to Bankruptcy Rule 7034, including F.R.C.P. 34(b)(2)(E) regarding production of electronically stored information and Local Rule 7026-3, shall apply to the Avoidance Actions, except that document production and responses to document requests are due **60** days after service.

10.     The standard provisions of Federal Rule of Civil Procedure 36, made applicable herein pursuant to Bankruptcy Rule 7036, shall apply to the Avoidance Actions, except that responses to requests for admission are due **60** days after service.

11.     The parties to the Avoidance Actions shall have through and including June 1, 2026 to complete non-expert written fact discovery, excluding depositions of fact witnesses.

12.     Should a discovery dispute arise, the complainant shall file with the Court a letter outlining said issues and forward a copy to chambers. Respondent must reply within two (2) business days. The letter, excluding exhibits, shall be no longer than two (2) pages. The Court shall then inform the parties if it will require a conference call or formal motion.

13.     Any open Avoidance Actions that have not been resolved and/or settled by June 1, 2026 (the "Remaining Avoidance Actions"), shall be referred to mediation.  By mutual agreement of the parties to any Avoidance Action, mediation may be conducted prior to June 1, 2026.

14.     Between June 1, 2026 and June 15, 2026, Defendants in each of the Remaining Avoidance Actions shall choose a mediator from the list (the "Mediator List") of proposed mediators (each a "Mediator," collectively,

the "Mediators") attached to the Procedures Motion as **Exhibit D**. If there are multiple Defendants in a Remaining Avoidance Action, they must agree on the selection of a single Mediator for that Remaining Avoidance Action. Concurrently, Defendants in the Remaining Avoidance Actions shall notify Plaintiffs' counsel of the Defendant's choice of Mediator by contacting Plaintiffs' counsel's paralegal, Laurie N. Miskowiec, in writing, via email at **lmiskowiec@askllp.com**. If a Defendant in a Remaining Avoidance Action does not timely choose a Mediator from the Mediator List and notify Plaintiffs' counsel of the same, Plaintiffs will assign such Remaining Avoidance Action to one of the Mediators from the Mediator List.

15.   Upon notification of such selection or assignment, the selected Mediator shall have an opportunity to run conflicts checks on the Defendant(s) and, in the event of a conflict, may abstain from the particular mediation. Once the mediator selection period closes and a Mediator is selected or assigned, as applicable, Plaintiffs will file a notice of mediation indicating which mediator was selected.

16.   On June 16, 2026, Plaintiffs, working with the Mediators, will commence scheduling mediations. Each Mediator will provide to Plaintiffs the dates on which the Mediator is available for mediation and the parties shall cooperate with the Mediators and each other regarding the scheduling of mediations. Plaintiffs' counsel shall contact each Defendant or each Defendant's counsel in each Remaining Avoidance Action with a list of proposed dates for mediation provided by the Mediator. Mediation will then be scheduled on a first-come, first-served basis.

17.   Plaintiffs will give at least 21 days' written notice of the first date, time and place of the mediation in each Remaining Avoidance Action (the "Mediation Notice"), which notice shall be served on the applicable Defendant and filed on the docket of such proceeding.

18.   Within 14 calendar days after the conclusion of the mediation, the Mediator shall file a Local Form Mediation Report (the "Mediator's Report") in the Remaining Avoidance Action, which shall be limited to stating only whether the Remaining Avoidance Action settled or did not settle.

19.   All mediations of the Remaining Avoidance Actions must be concluded by November 30, 2026.

20.   Should mediation fail to resolve a Remaining Avoidance Action, pursuant to Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports of the parties' case-in-chief experts (unless subject to a rebuttable presumption), or experts and reports concerning an issue to which the party bears the burden of proof (or initial requirement to challenge a rebuttal presumption), if any, shall be

made to the adverse party within 60 days after the mediation session is concluded.

21. Under the provisions of Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports of the parties' rebuttal experts, if any, shall be made to the adverse party the earlier of a) 115 days after mediation concludes or b) 60 days from the date the initial report is received.

22. All fact and expert discovery, including fact and expert witness depositions, shall be concluded within the later of (i) 120 days after the conclusion of mediation or (ii) April 30, 2027.

23. The standard provisions of Federal Rule of Civil Procedure 26(e), made applicable herein pursuant to Bankruptcy Rule 7026, shall apply to the Avoidance Actions with respect to supplementation of discovery responses.

24. All dispositive motions shall be filed and served by June 1, 2027. Local Rule 7056-1 shall apply.

## F.   Mediation Procedures and Requirements

25. Because the Remaining Avoidance Actions are proceedings before this Court, New Jersey is the proper forum for mediation, except as otherwise agreed to by the parties or directed by the Mediator, including to hold mediations via video conference. Local Rule 9019-2 shall govern the mediations, except as otherwise set forth herein.

26. The parties in each Remaining Avoidance Action will participate in the mediation, as scheduled and presided over by the chosen Mediator, in good faith and with a view toward reaching a consensual resolution. Mediation shall be attended by each party and/or counsel for each party and a representative of each party having full settlement authority. The default method and/or location of mediation shall be via Zoom or other equivalent secure video platform, *except that* the parties may, by consent and with the Mediator's approval, agree to attend mediation in person, in which case the mediation will be held in person at the Meditator's office. Should a dispute arise regarding a Mediator's decision on the location of mediation, a party may apply to the Court, in advance of the mediation, by sending a letter outlining said issues to chambers. The Court may then schedule a conference call to address the issues.

27. The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations, and the rules of evidence will not apply. Each Mediator may implement additional procedures which are reasonable and practical under the circumstances.

28.  The Mediator, in the Mediation Notice (by language provided to Plaintiffs by the Mediator) or in a separate notice that need not be filed, may require the parties to provide to the Mediator any relevant papers and exhibits, a statement of position, and a settlement proposal. The Mediator may also continue a mediation that has been commenced if the Mediator determines that a continuation is in the best interest of the parties.

29.  The parties must participate in the scheduling of mediation and mediate in good faith. If the Mediator feels that a party to the mediation is not attempting to schedule or resolve the mediation in good faith, the Mediator may file a report with the Court. The Court may, without need for further motion by any party, schedule a hearing. If the Court determines that the party is not cooperating in good faith with the mediation procedures, the Court may consider the imposition of sanctions pursuant to Local Rule 9019-2. Additionally, if either party to the mediation is not attempting to schedule or resolve the mediation in good faith, the opposite party may file a motion for sanctions with the Court. Litigation with respect to the issuance of sanctions shall not delay the commencement of the mediation. Sanctions may include, but are not limited to, attorney's fees and costs and Mediator's fees.

30.  Upon notice and a hearing, a party's failure to appear at the mediation or otherwise comply with the Procedures Order with respect to mediation, may result in a default judgment or dismissal being obtained against the party failing to comply with the mediation provisions. The Mediator shall promptly file a notice with the Court when any party fails to comply with the mediation provisions set forth in the Procedures Order.

31.  Plaintiffs shall pay the Mediator a $250.00 administrative fee (the "Administrative Fee") upon acceptance of appointment. The remaining fees of the Mediator shall be paid equally by the parties on a per case basis. The Mediator's fees shall be fixed as follows:

   a.  cases with a claim amount (as reflected in the complaint) of less than $250,000: $5,000.00 per case;

   b.  cases with a claim amount (as reflected in the complaint) equal to or greater than $250,000 and less than $1,000,000: $6,500 per case;

   c.  cases with a claim amount (as reflected in the complaint) equal to or greater than $1,000,000 and less than $5,000,000: $8,000 per case; and

   d.  cases with a claim amount (as reflected in the complaint) equal to or greater than $5,000,000: determined on a case-by-case basis as discussed with the Mediator.

8

32.  Mediation that is continued for more than one calendar day will be continued on an hourly fee basis at the rate of $500.00 per hour to be paid by the Parties.

33.  Defendants that have multiple Avoidance Actions in the underlying bankruptcy cases against them may mediate all related Avoidance Actions at one time. The Mediator's fees will be based upon the combined total claim amount for all related Avoidance Actions.

34.  Mediation statements are due seven (7) calendar days prior to the mediation to the Mediator. Unless otherwise directed by the Mediator, the mediation statements shall be shared with the opposing party, except that any party that has confidential information may share the same solely with the Mediator. The Mediator will direct the parties as to further instructions regarding the mediation statements.

35.  Without the prior consent of both parties, no Mediator shall mediate a case in which he/she or his/her law firm represents a party. If a Mediator's law firm represents any Defendant in the Avoidance Actions, then: (a) the Mediator shall not personally participate in the representation of that Defendant; (b) the law firm shall notate the file to indicate that the Mediator shall have no access to it; and (c) any discussions concerning the particular Avoidance Action by employees of the law firm shall exclude the Mediator. The Mediator's participation in mediation pursuant to the Procedures Order shall not create a conflict of interest with respect to the representation of such Defendants by the Mediator's law firm.

36.  The Mediator shall not be called as a witness by any party except as set forth in this paragraph. No party shall attempt to compel the testimony of, or compel the production of documents from, the Mediators or the agents, partners or employees of their respective law firms. Neither the Mediators nor their respective agents, partners, law firms or employees (a) are necessary parties in any proceeding relating to the mediation or the subject matter of the mediation, nor (b) shall be liable to any party for any act or omission in connection with any mediation conducted under the Procedures Order. Any documents provided to the Mediator by the parties shall be destroyed 30 days after the filing of the Mediator's Report, unless the Mediator is otherwise ordered by the Court. However, subject to court order, a Mediator may be called as witness by any party and may be compelled to testify on a limited basis in proceedings where it is alleged that a party failed to comply with mediation as is required in the foregoing paragraphs of this Procedures Order. Local Rule 9019-2 shall apply.

37.  All proceedings and writings incident to the mediation shall be privileged and confidential, and shall not be reported or placed in evidence. Local Rule Local Rule 9019-2 shall apply.

9

## G.    Initial Pretrial Conference; Subsequent Hearings

38.    The initial pretrial conference scheduled for **December 22, 2025 at 11:00 a.m. (ET)** or other subsequent dates as indicated on the summonses shall be deemed waived. Thereafter, except as otherwise ordered by the Court, the pretrial conference shall be adjourned to future date(s), if any, as properly noticed.

39.    If, after all discovery has been completed in an Avoidance Action and mediation has concluded but was not successful, and any issues of fact or law remain after dispositive motions, if any, have been decided, the parties to the applicable Avoidance Action shall so inform the Court. At the next scheduled omnibus hearing or at such other date convenient to the Court, the Court will address additional issues arising subsequent to the Procedures Order, set additional deadlines, if necessary, establish a due date by which the parties must file a joint pretrial order, and schedule a trial on the Avoidance Action that is convenient to the Court's calendar.

## H.    Miscellaneous

40.    The Local Rules for the United States Bankruptcy Court for the District of New Jersey shall apply, except that the Procedures Order shall control with respect to the Avoidance Actions to the extent of any conflict with other applicable rules and orders.

41.    The deadlines and/or provisions contained in the Procedures Order may be extended and/or modified by the Court upon written motion and for good cause shown or consent of the parties pursuant to stipulation which, other than the response extension described paragraph 3, needs to be filed with the Court; and it is further

ORDERED, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

10

# Exhibit 2

| Company Name | Adversary No. |
|---|---|
| 340B Holdings, LLC | 25-01401 |
| 3M Company | 25-01402 |
| A.J.M. Packging Corporation | 25-01403 |
| Abbott Rapid DX North America, LLC | 25-01406 |
| Academy Fire Protection, Inc. | 25-02430 |
| Acon Laboratories, Inc. | 25-01415 |
| Agency Within LLC | 25-01420 |
| Alcon Laboratories, Inc. | 25-01422 |
| Allergan Optical Inc.; and Abbvie US LLC | 25-01424 |
| AmerisourceBergen Drug Corporation | 25-01439 |
| Apothecary Products, LLC | 25-01448 |
| Arctic Glacier U.S.A., Inc. | 25-01453 |
| Armstrong Pharmaceuticals, Inc. | 25-01454 |
| Ashtel Studios, Inc | 25-01459 |
| AspireIQ, Inc. | 25-01461 |
| ASSA ABLOY Entrance Systems US Inc. | 25-01462 |
| Barcel USA, LLC | 25-01476 |
| Barnes Paper Co., Inc. | 25-01478 |
| Base4 Ventures, LLC | 25-01482 |
| Bayer Healthcare LLC | 25-01487 |
| Beeline Import and Service LLC | 25-01493 |
| BIC Corporation | 25-01504 |
| Big Geyser Inc. | 25-01507 |
| Biopharma | 25-01514 |
| Blue Diamond Growers | 25-01520 |
| BlueTriton Brands, Inc. | 25-01521 |
| Boiron, Inc. | 25-01523 |
| Bon Suisse Inc. | 25-01525 |
| Buck Globall, LLC fdba Conduent Human Resources Services | 25-01539 |
| C.R. England, Inc. | 25-01556 |
| CAB Enterprises Inc. | 25-01559 |
| California Dairies, Inc. | 25-01563 |
| Candle-Lite Company, LLC | 25-01569 |
| Cardinal Health 110, LLC dba Parmed | 25-01574 |
| Cascade Wholesale Hardware, Inc. | 25-01582 |
| Catalina Marketing Corporation | 25-01585 |
| Centor, Inc. | 25-01589 |
| CG Roxane LLC | 25-01592 |

12

| | |
|---|---|
| Chattem, Inc. | 25-01598 |
| Church & Dwight Co. Inc. | 25-01604 |
| Clean Harbors Environmental Services, Inc. | 25-01608 |
| Cognira, Inc. | 25-01614 |
| Colgate-Palmolive Company dba Hello Products LLC | 25-01618 |
| Columbia Distributing of Seattle, LLC | 25-01623 |
| Combe Incorporated | 25-01625 |
| Compass Health Brands Corp. | 25-01694 |
| ConAgra Brands, Inc. dba ConAgra Snack Foods Group | 25-01695 |
| Conair LLC | 25-01696 |
| Conopco, Inc. dba Good Humor Ice Cream (Unilever) | 25-01699 |
| Consilio, LLC fdba Legility, LLC | 25-01483 |
| Continental Accessory Corp. | 25-01488 |
| Converge Technology Solutions US, LLC | 25-01497 |
| Craig Electronics LLC fdba Craig Enterprises Inc. | 25-01535 |
| Crest Beverage, L.L.C. | 25-01547 |
| D. Thomas and Associates, LLC | 25-01609 |
| Data-Quest, Inc. | 25-01624 |
| Dot Foods, Inc. | 25-01735 |
| Dreyer's Grand Ice Cream, Inc. | 25-01746 |
| E.L.F. Cosmetics, Inc. | 25-01761 |
| Eclipse Advantage, LLC | 25-01767 |
| Emergent Devices Inc. | 25-01792 |
| Emerson Healthcare, LLC | 25-01793 |
| Excell Marketing, L.C. | 25-01828 |
| Facility Solutions Group, Inc. | 25-01834 |
| Ferrara Candy Company | 25-01843 |
| Ferrellgas Partners, L.P. dba Blue Rhino | 25-01845 |
| Ferrero U.S.A., Inc. | 25-01848 |
| FGX International Inc. | 25-01856 |
| First Quality Consumer Products, LLC | 25-01888 |
| Flipp Corporation | 25-01891 |
| FLP, LLD dba Fine Living Pharmanaturals | 25-01893 |
| Galderma Laboratories, L.P. | 25-01915 |
| Genpact (UK) Limited | 25-01919 |
| GlaxoSmithKline LLC | 25-01924 |
| GNC Holdings LLC dba GNC Brand | 25-02433 |
| Google LLC fdba Google Inc. | 25-01935 |
| GuidePoint Security LLC dba GuidePoint LLC | 25-01941 |

| | |
|---|---|
| Harbor Distributing, LLC dba Golden Brands | 25-01784 |
| Haribo of America, Inc. | 25-01785 |
| HCL America Inc. | 25-01788 |
| HCL Technologies Corporate Services Limited | 25-01790 |
| Henkel Corporation | 25-01811 |
| HFC Prestige International U.S. LLC | 25-01813 |
| Hyland's, Inc. | 25-01829 |
| IdeaVillage Products Corp. | 25-01839 |
| Inmar Rx Solutions, Inc. | 25-01853 |
| Insight Global, LLC | 25-01858 |
| Instacart | 25-01862 |
| Inteplast Group, Ltd. | 25-01866 |
| International Business Machines Corporation dba IBM | 25-01870 |
| Iovate Health Services U.S.A. Inc. | 25-01872 |
| Irving Consumer Products, Inc. | 25-01876 |
| J. B. Hunt Transport, Inc. | 25-01880 |
| Japonesque, LLC | 25-01884 |
| KAZ USA, Inc. | 25-01907 |
| KeHE Distributors, LLC | 25-01810 |
| Kellanova fdba Kellogg Company | 25-01805 |
| Keurig Dr. Pepper Inc. fdba Seven Up / RC Bottling Co. Inc. | 25-01791 |
| Kiss Nail Products, Inc. dba Kiss Products, Inc. | 25-01766 |
| Kokie Cosmetics, Inc. | 25-01758 |
| L&R Distributors Inc. | 25-01738 |
| L. Perrigo Company | 25-01728 |
| L.N.K. International Inc. | 25-01727 |
| Leo Burnett Company, Inc. | 25-01718 |
| Link Snacks, Inc. dba Jack Link's | 25-01948 |
| Liquipel Protection LLC | 25-01950 |
| Mandiant, Inc. | 25-01967 |
| Marc Anthony Cosmetics Ltd. | 25-01968 |
| Mars, Incorporated dba Kind Healthy Snacks | 25-01973 |
| Mars, Incorporated dba M & M Mars | 25-01974 |
| Mead Johnson & Company, LLC | 25-01988 |
| Medline Industries, Inc. | 25-01994 |
| Medtech Laboratories, Inc. | 25-01996 |
| Microsoft Corporation | 25-02000 |
| Mondelez Global LLC | 25-02009 |
| Mondelez International, Inc. fdba Kraft Foods Inc. | 25-02011 |

| | |
|---|---|
| MTBC, Ltd. | 25-02019 |
| Nails Inc. Limited | 25-02024 |
| NCR Voyix Corporation fdba NCR Corporation | 25-02032 |
| Neo G USA Inc. | 25-02035 |
| Nestle Purina Petcare Company | 25-02037 |
| NHS U.S. LLC | 25-02043 |
| Nissin Foods (U.S.A.) Company, Inc. | 25-02047 |
| Nuvem dba 340Basics | 25-02054 |
| Ocean Spray Cranberries, Inc. | 25-02063 |
| Omron Healthcare, Inc. | 25-02068 |
| On Target Maintenance, Inc. | 25-02069 |
| Opex Corporation | 25-02073 |
| Orchard International Inc. | 25-02077 |
| Original Gourmet Food Company, LLC | 25-02078 |
| Overland Supply, Inc. | 25-02079 |
| PBIGroup, LLC dba Hempz LLC | 25-02093 |
| Pepperidge Farm, Incorporated | 25-02097 |
| Pepsi-Cola Bottling Company of New York, Inc. | 25-02436 |
| Perry's Ice Cream Company, Inc. | 25-02103 |
| Pharma Force Group LLC | 25-02104 |
| Pharmaceutical Strategies Group, LLC dba PSG Health Systems Solutions | 25-02106 |
| Pharmavite LLC dba Nature Made | 25-02107 |
| Philips North America LLC dba Philips Consumer Lifestyle | 25-02109 |
| PL Developments Copiague, LLC | 25-02114 |
| Point Dairy Services, Inc. | 25-02119 |
| Premier Nutrition Company, LLC | 25-02125 |
| Prime Hydration LLC | 25-02129 |
| Princo LLC | 25-02131 |
| Pro's Choice Beauty Care, LLC fdba Pro's Coice Beauty Care Inc. | 25-02136 |
| Qualitas Manufacturing Incorporated | 25-02142 |
| Quten Research Institute, Limited Liabilty Company | 25-02147 |
| Raritan Pharmaceuticals Incorporated | 25-02151 |
| RB Health (US) LLC | 25-02152 |
| Reckitt Benckiser LLC | 25-02154 |
| Red Bull Distribution Company, Inc. | 25-02156 |
| Revlon Consumer Products LLC dba Revlon Beauty Care | 25-02425 |
| Rhombus Services LLC dba BrandPoint Services | 25-02172 |
| Ricola USA, Inc. | 25-02173 |
| S. C. Johnson & Son, Inc. | 25-02189 |

15

| | |
|---|---|
| Scopes Facility Services | 25-02209 |
| Script Care, Ltd. | 25-02211 |
| Sentry Data Systems, Inc. | 25-02215 |
| Simco Logistics, LLC dba Jack & Jill Ice Cream Company | 25-02227 |
| Southern Glazer's Wine and Spirits, LLC | 25-02240 |
| Staples, Inc. dba Staples Technology Solutions | 25-02255 |
| Starcom Worldwide, Inc. | 25-02257 |
| Swire Pacific Holdings Inc. dba Swire Coca-Cola, USA | 25-02272 |
| Telebrands Corp. | 25-02286 |
| The American Bottling Company dba Seven Up Company, Columbus | 25-02290 |
| The Clorox Sales Company dba Brita | 25-02295 |
| The Commercial Traffic Company | 25-02296 |
| The Facilities Group National, LLC dba National Janitorial Solutions | 25-02297 |
| The Hershey Company dba Hershey Chocolate | 25-02301 |
| The J. M. Smucker Company | 25-02305 |
| The Moresby Group | 25-02309 |
| Tootsie Roll Industries, LLC | 25-02321 |
| Try-It Distributing Co., Inc. | 25-02340 |
| Tweezerman International, LLC | 25-02344 |
| Ultra / Standard Distributors Inc. | 25-02352 |
| Unilever United States, Inc. dba Unilever HPC-USA | 25-02353 |
| Utz Quality Foods, LLC dba Tim's Cascade Snacks | 25-02439 |
| VaxServe, Inc. | 25-02367 |
| Veridian Healthcare LLC | 25-02370 |
| Vi-Jon Laboratories | 25-02374 |
| Virgin Scent Inc. dba Artnaturals | 25-02375 |
| Waste Management Service Center, Inc. dba Waste Management | 25-02384 |
| Waterson Environmental Group, LLC | 25-02386 |
| Wella Operations US LLC | 25-02392 |
| Wildcat Wholesale LLC | 25-02397 |
| WIS International | 25-02402 |
| Wonderful Pistachios & Almonds LLC | 25-02403 |
| Young's Market Company, LLC | 25-02419 |

*188 Adversary Proceedings

16